IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,790






EX PARTE ARTHUR LEE BURTON, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 760321-B FROM THE 338TH DISTRICT COURT

OF HARRIS COUNTY



 

 Per Curiam. Johnson, J., filed a dissenting statement.

O R D E R
 

 Arthur Lee Burton filed this post conviction application for a writ of habeas corpus
pursuant to Texas Code of Criminal Procedure Article 11.071, alleging that he was denied
effective assistance of counsel as required by the Sixth Amendment to the United States
Constitution. Specifically, Burton contends that his trial counsel was ineffective in failing
to preserve his Fifth and Sixth Amendment complaints to a statement obtained during a
"classification interview" with a prison sociologist without the benefit of Miranda (1) warnings. 
For the following reasons, we remand this case to the trial judge for further consideration.

 In 1998, a jury found Burton guilty of capital murder and sentenced him to death. On
October 8, 1998, while housed on death row, Burton was interviewed by prison sociologist
J.P. Guyton as part of a routine "classification interview." Burton's appeal was pending at
this time. In 2001, we affirmed Burton's conviction on direct appeal but vacated the
sentence and remanded the cause to the trial court for a retrial on punishment. (2) 

 On retrial, the State introduced, and the trial judge admitted into evidence, statements
made by Burton during his "classification interview." On September 6, 2002, in accord with
the jury's answer to the special issues, Burton was again sentenced to death. We affirmed
Burton's sentence on direct appeal. (3) On December 1, 2003, Burton filed an application for
a writ of habeas corpus challenging the validity of the punishment retrial on four grounds. 
On November 7, 2007, we adopted the trial judge's findings of fact with respect to Burton's
first, third, and fourth claims and denied relief. However, we filed and set Burton's second
claim for submission and ordered briefing on whether 

 he was denied effective assistance of trial counsel when his counsel failed to
object at applicant's punishment retrial to testimony by a prison sociologist
about an admission he elicited from applicant during a 'classification
interview' which applicant claims constituted custodial interrogation. (4) 


On December 4, 2007, the State filed a "Motion Requesting Clarification of Court's
November 7, 2007 Order" seeking clarification of the precise issues to be briefed. 
Consequently, on December 19, 2007, we ordered the parties to submit briefs on the
following issues:

 (1) whether all questions asked and answers or statements obtained in a
classification interview are admissible in court, or whether some questions
asked and answered or statements obtained can exceed the scope of a
permissible classification interview and become products of custodial
interrogation;

 (2) whether the question of why applicant committed the instant crime
exceeded the permissible scope of the classification interview and became
custodial interrogation; and 

 (3) whether applicant's counsel performed deficiently when he failed to
specifically object to the testimony on this basis at trial. (5)


 Shortly before we ordered briefing on these issues, on November 21, 2007, we
handed down our decision in Herrera v. State. (6) Herrera held that incarceration does not
always constitute "custody" for Miranda purposes and provided a non-exclusive list of five
factors that should be considered by courts when making this determination. Before this
Court, in arguing whether Burton was in custody at the time of the "classification interview,"
both parties devoted considerable attention to the Herrera factors. The habeas judge did not
make findings on the issue of "custody" and the habeas record contains little to assist analysis
under Herrera. In his brief before us, Burton included a copy of a signed statement in which
he describes the circumstances surrounding his "classification interview." He relies heavily
on this document in making his custody argument. The statement is dated February 4, 2008,
and the habeas judge entered his findings on March 10, 2006; therefore, this statement was
never before him. Consequently, the habeas judge was unable to consider it in the context
of our decision in that case.

 The question of whether Burton was "in custody" for Miranda purposes during his
"classification interview" is an important issue in this case. Burton's statement, if credible,
is relevant to answering this question. However, we generally do not evaluate newly-submitted evidence prior to its consideration by the habeas judge. (7) A remand to the trial
judge is appropriate in this case because, although we are the ultimate fact-finder, we
generally afford significant deference to a trial judge's "custody" determination when the
question turns on credibility. (8)

 Next, although neither party focused on the issue, we are uncertain, based on our
review of the record, that Guyton qualified as a "state agent" for Miranda purposes under the
facts of this case. We have stated that "[n]ot all government workers must be familiar with
and ready to administer Miranda warnings." (9) Because this case must be remanded for further
consideration of the "custody" issue, we order the parties to brief and present arguments on
this issue as well. 

 This case is therefore remanded to the trial judge so that he may consider evidence and
hear arguments relevant to the questions of custody and Guyton's status as a state agent. The
trial judge shall then make findings of fact and conclusions of law that he deems appropriate
to the disposition of Burton's second ground for habeas relief. 

 The trial court shall resolve the issues presented within 120 days of the date of this
order. In the event that any continuances are granted, copies of the order granting the
continuance shall be provided to us. This application will be held in abeyance pending the
trail court's compliance with this order. 


DATE DELIVERED: June 18, 2008

DO NOT PUBLISH


1. Miranda v. Arizona, 384 U.S. 436 (1966).
2. Burton v. State, No. 73,204 (Tex. Crim. App. Mar. 7, 2001) (not designated for
publication).
3. Burton v. State, No. 73,204, 2004 WL 3093226 (Tex. Crim. App. May 19, 2004)
(not designated for publication).
4. Ex parte Burton, WR-64360-01, 2007 WL 3289679 (Tex. Crim. App. Nov. 7,
2007) (not designated for publication).
5. Id.
6. 241 S.W.3d 520 (Tex. Crim. App. 2007).
7. See Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960).
8. See Herrera, 241 S.W.3d at 526-27.
9. Wilkerson v. State, 173 S.W.3d 521, 528 (Tex. Crim. App. 2005).